Matthew T. Christensen, ISB: 7213
ANGSTMAN JOHNSON
3649 N. Lakeharbor Lane
Boise, Idaho 83703
Telephone: (208) 384-8588
Facsimile: (208) 853-0117
Email: mtc@angstman.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re:<br><br>FARMERS GRAIN, LLC,<br><br>Debtor. | Case No. 17-00450-TLM<br>Chapter 11<br><br>EMERGENCY AND CONTINUING MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL |
|---|---|

   The Debtor in the above-entitled matter, Farmers Grain, LLC, by and through its counsel of record, ANGSTMAN JOHNSON, and pursuant to 11 USC §363, moves the Court for an order authorizing the Debtor in Possession to use cash collateral. This motion is made and based upon the following facts:

   1. The Debtor filed a petition under Chapter 11 of the United States Bankruptcy Code on the 18th day of April, 2017, and continues in possession of its property and the operation of its business as debtor in possession.

   2. To the best of the Debtor's knowledge, information and belief, the only creditor which may claim to have liens against the Debtor's cash collateral is Rabo AgriFinance, LLC

("Rabo"). The amount owed to Rabo is approximately $8,000,000.00 as of the date of the petition.

3. Rabo likely claims an interest in the cash collateral to be used. Nevertheless, the Debtor wishes to use that cash collateral to continue operating its business while this Chapter 11 case is pending and its reorganization plan is approved.

4. In the course of the Debtor's operation, the Debtor will continue to collect income of approximately $2,663,773.85 per month from the sale of services, goods/products and/or equipment, which is the cash collateral the Debtor seeks authorization to use.

5. In accordance with the requirements of 11 USC §363(c)(4), such proceeds will be segregated into a separate bank account.

6. The Debtor does not have sufficient income to continue its operations without the use of cash collateral, and seeks authorization to use cash collateral on an interim basis and on a continuing basis during 2017 and 2018 to pay operating expenses.

7. By this motion, the Debtor requests authorization to use cash collateral on an emergency basis, pending a final hearing on this motion, to pay the expenses from April 18, 2017, through the date of the final hearing on this Motion, including payroll expenses due and owing immediately. Attached hereto as *Exhibit A* is a projected income and expense statement for the time period covered by this Motion. Of the expenses listed on Exhibit A, the Debtor requests permission to pay the following expenses on an emergency basis pending the final hearing on this Motion:

   a. Bank/credit card fees
   b. Vehicle expenses
   c. Equipment rent
   d. Freight & Trucking
   e. Gas & Oil
   f. Workers Comp

EMERGENCY AND CONTINUING MOTION FOR AUTHORIZATION TO USE CASH
COLLATERAL – PAGE 2
Matter: 12106-001

      g.      Other insurance
      h.      Office Supplies
      i.      Payroll expenses and taxes
      j.      Postage
      k.      Property tax
      l.      Repairs
      m.      Supplies
      n.      Telephone
      o.      Truck Tires
      p.      Utilities
      q.      Wheat Assessment
      r.      Costs of Goods Sold (i.e., new products and hedging costs)[1]

8.    In addition to the use of cash collateral on an emergency basis pending a final hearing on this motion, the Debtor also seeks authorization to continue the use of cash collateral from and after the date of the final hearing through March 31, 2018, in accordance with the attached budget.

9.    The amount of cash collateral sought to be used on an interim basis for the remainder of April, 2017 and May, 2017 (pending a final hearing on this Motion), is approximately $3,987,410.00 from the sale of services, goods and/or equipment and continuing thereafter in accordance with the projected operating expenses budget (attached hereto as *Exhibit A*) through the date of the final hearing.

10.    If the Debtor is not permitted to use cash collateral to pay operating expenses, the Debtor will be unable to continue its business operation (including paying payroll expenses), and will in all likelihood be unable to fund the plan to be proposed hereafter.

11.    The Debtor's projected income for April 2017 through March 2018, is included in the line-item budget that is attached hereto as *Exhibit A*.

---

[1] To the extent necessary for adequate protection purposes, the Debtor also requests permission to pay the Rabo projected payments on an interim basis.

EMERGENCY AND CONTINUING MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL – PAGE 3
Matter: 12106-001

12. To the extent it claims a pre-petition lien in the Debtor's cash collateral, the Debtor is willing to give adequate protection to Rabo by granting Rabo a post-petition lien, to the same extent that it had a lien pre-petition, against the Debtor's post-petition cash collateral. In addition, the Debtor proposes a monthly adequate protection payment to Rabo in the amount of $100,000.00. (These adequate protection payments are included in the line-item budget attached hereto as *Exhibit A*.)

13. As best as it can be determined by the Debtor, based upon current market conditions and values, the estimated fair market wholesale value for all of the collateral which may secure the above-named creditor is in excess of $8,598,236.00 (this includes all collateral for this creditor, not just the post-petition receivables).

14. If the Court determines the adequate protection proposed by the Debtor is not sufficient, then the Debtor requests that a determination be made as to any additional amount to be paid as adequate protection.

15. In the event any creditor's name appears on any check received from the sale of services, goods and/or equipment, said parties should be required to endorse the same.

16. A copy of the Debtor's proposed interim cash collateral order is attached hereto as *Exhibit C*. A copy of the Debtor's proposed continuing cash collateral order is attached hereto as *Exhibit D*.

/

/

/

/

/

EMERGENCY AND CONTINUING MOTION FOR AUTHORIZATION TO USE CASH
COLLATERAL – PAGE 4
Matter: 12106-001

/

/

WHEREFORE, the Debtor in Possession prays that an order be issued granting the debtor in possession the right to use cash collateral on an emergency and continuing basis, namely proceeds from the sale of services, goods and/or equipment, to pay the ongoing expenses set forth in the budget that is attached hereto and made a part hereof, and that the Debtor be entitled to do so until further order of this Court. The Debtor further requests that all parties named on checks be required to endorse all checks received from the sale of services, goods or equipment, to the extent of the cash collateral authorized to be used by the Debtor.

DATED this 18th day of April, 2017.

          /s/  Matt Christensen
MATTHEW T. CHRISTENSEN
Attorney for the Debtor

# CERTIFICATE OF MAILING

   I hereby certify that on the 18th day of April, 2017, a true and correct copy of the foregoing Motion was filed electronically and upon such filing the CM/ECF registered participants were served by electronic means as more fully reflected on the Notice of Electronic Filing.  I further certify that on said date  the twenty largest unsecured creditors (described further on the attached ***Exhibit B***) and any parties listed below, were served by depositing copies thereof in the United States Mail with first-class postage prepaid, enclosed in envelopes addressed to said creditors at their respective addresses.

Rabo AgriFinance LLC
6919 Chancellor Drive
Cedar Falls, IA  50613
(*with a copy to Linda Kobliska,*
*Rabo's Deputy General Counsel, via email: linda.kobliska@raboag.com*)

                /s/  Matt Christensen
              Matthew T. Christensen
              Attorney for Debtor in Possession

# EXHIBIT A

Farmers Grain - 12-month projection

| Income | April | May | June | July | August | September | October | November | December | January | February | March | Total for 12 months |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hedging income (basis) only | 272000 | 272000 | 272000 | 272000 | 272000 | 272000 | 272000 | 272000 | 272000 | 272000 | 272000 | 272000 | 3264000 |
| Corn (open contract) | 72,950 | 197051 | 44674 | 67101 | 41442 | 104217 | 6139 | 6519 | 4975 | 361 | 40 | 409 | 545878 |
| Barley | | | | | | 1756 | | | | | | | 1756 |
| Grain drying | 1,145 | 461 | 587 | 73 | 105 | 126 | 642 | 22,809 | 233,940 | 10,472 | 6,691 | 54,603 | 331,654 |
| Custom work | 632 | 330 | 495 | 233 | 220 | 948 | 83 | 440 | 12,311 | | | | 15,692 |
| Ground corn | 1,811,565 | 2,259,650 | 2,166,301 | 1,769,022 | 1,620,592 | 1,294,220 | 2,059,684 | 2,144,741 | 2,055,156 | 1,876,063 | 2,074,642 | 2,288,965 | 23,420,601 |
| Rent | | | | | | | | | | | | | 0 |
| Trucking | 5,880 | 6,511 | 6,511 | 6,511 | 6,511 | 6,511 | 6,511 | 6,511 | 6,511 | 6,511 | 6,511 | 6,511 | 77,501 |
| Wheat | | | | 466,234.58 | 466,234.58 | 466,234.58 | 466,234.58 | 466,234.58 | 466,234.58 | 466,234.58 | 466,234.58 | 466,234.58 | 4,196,111.22 |
| Storage | 6,963 | 6,434 | 4,363 | | 15,152 | 300 | 2,467 | 211 | 18,183 | 332 | 9,378 | 41,326 | 105,109 |
| Other | 582 | 582 | 582 | 582 | 582 | 582 | 582 | 582 | 582 | 582 | 582 | 582 | 6,984 |
| Total income | 2,171,717 | 2,743,019 | 2,495,513 | 2,581,756.58 | 2,422,838.58 | 2,146,894.58 | 2,814,342.58 | 2,920,047.58 | 3,069,892.58 | 2,632,555.58 | 2,836,078.58 | 3,130,630.58 | 31,965,286.22 |
| Cost of goods sold COGS | | | | | | | | | | | | | |
| brokered corn (contract) | 1,728,000 | 1,728,000 | 1,728,000 | 1,728,000 | 1,728,000 | 1,728,000 | 1,728,000 | 1,728,000 | 1,728,000 | 1,728,000 | 1,728,000 | 1,728,000 | 20,736,000 |
| Corn purchased (open) | | | | | | | | | | | | | 0 |
| Wheat purchased | | | | 500,000 | 2,100,000 | 980,000 | 246,000 | 200,384 | 400,000 | | | | 4,426,384 |
| Corn | | | | | | | | | | | | | 0 |
| Hedging cost | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 3,500 | 42,000 |
| Total | 1,731,500 | 1,731,500 | 1,731,500 | 2,231,500 | 3,831,500 | 2,711,500 | 1,977,500 | 1,931,884 | 2,131,500 | 1,731,500 | 1,731,500 | 1,731,500 | 25,204,384 |
| Gross profit | 440,217 | 1,011,519 | 764,013 | 350,256.58 | -1,408,661.42 | -564,605.42 | 836,842.58 | 988,163.58 | 938,392.58 | 901,055.58 | 1,104,578.58 | 1,399,130.58 | 6,760,902.22 |
| | | | | | | | | | | | | | |
| Operating Expense | | | | | | | | | | | | | |
| Bank Service charge | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 350 | 450 | 450 | 4,400 |
| Vehicle expenses | | 450 | 450 | 450 | 450 | 450 | 450 | 450 | 450 | 450 | 1,500 | 1,500 | 7,050 |
| Dues & Subscriptions | | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 6,000 | 6,000 | 25,500 |
| Equip rent | | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | | | 54,000 |
| Frt & Trucking | 30,000 | 300,000 | 200,000 | 220,000 | 310,000 | 200,000 | 200,000 | 200,000 | 200,000 | | | | 1,860,000 |
| Gas & Oil | | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 275,000 |
| HVUT | | | | 5,000 | | | | | 11,000 | | | | 16,000 |
| Workers Comp | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 14,400 |
| Other insurance | 12,000 | 4,400 | 4,400 | 20,000 | 4,400 | 4,400 | 4,400 | 12,100 | 4,400 | 4,400 | 4,400 | 4,400 | 83,700 |
| License and permits | | 1,200 | 6,500 | 6,500 | 1,000 | 1,000 | 4,000 | 1,000 | 30,000 | 1,000 | 1,000 | 1,000 | 54,200 |
| Meals & Int | | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 200 | 2,200 |
| Office Supplies | 400 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 22,400 |
| Payroll expenses | | 90,000 | 90,000 | 90,000 | 90,000 | 90,000 | 90,000 | 90,000 | 90,000 | 90,000 | 90,000 | 90,000 | 990,000 |
| Payroll Taxes | | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 88,000 |
| Postage | | 260 | 260 | 260 | 260 | 260 | 260 | 260 | 260 | 260 | 260 | 260 | 2,860 |
| Professional fees | | 180 | 1500 | 300 | 300 | 200 | 300 | 1000 | 800 | 1400 | 200 | 400 | 6,580 |
| Property tax | | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 88,000 |
| Railroad rent | | | | 4,100 | | | | | | 975 | | | 5,075 |
| Other rent | | | | | 30,000 | 30,000 | | 170 | 170 | 170 | | 1,200 | 61,710 |
| Repairs | | 15,000 | 15,000 | 30,000 | 9,000 | 15,000 | 20,000 | 15,000 | 30,000 | 40,000 | 15,000 | 15,000 | 219,000 |
| Small tools | | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 16,500 |
| Ground storage | | | | | 25,000 | | | | | | | | 25,000 |
| Supples | | 1,700 | 4,000 | 1,700 | 2,700 | 1,300 | 1,600 | 2,600 | 1,300 | 1,100 | 1,000 | 1,400 | 20,400 |
| Telephone | | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 8,800 |
| Travel | | 916 | 916 | 916 | 916 | 916 | 916 | 916 | 916 | 916 | 916 | 916 | 10,076 |
| Truck tire | | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 66,000 |
| Utilities | | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 20,000 | 25,000 | 105,000 | 13,000 | 16,000 | 7,000 | 236,000 |
| Wheat Assessment | | 1,300 | 800 | 1,300 | 500 | 1,000 | 21,000 | 800 | | 2,000 | 3,400 | 2,700 | 34,800 |
| Attorney Fees | | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 27,500 |
| US Trustee Fees | 1,625 | 1,625 | 1,625 | 1,625 | 1,625 | 1,625 | 1,625 | 1,625 | 1,625 | 1,625 | 1,625 | 1,625 | 19,500 |
| Rabo Bank payment | | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 1,100,000 |
| | | | | | | | | | | | | | 0 |
| Total Operating expenses | 45,575 | 590,081 | 502,601 | 581,101 | 649,201 | 489,201 | 527,771 | 513,971 | 639,946 | 319,201 | 298,151 | 287,851 | $5,444,651.00 |
| | | | | | | | | | | | | COGS | $25,204,384.00 |
| | | | | | | | | | | | | Total expenses | $30,649,035.00 |
| | | | | | | | | | | | | Total income | $31,965,286.22 |
| | | | | | | | | | | | | Net Balance | $1,316,251.22 |

1

# EXHIBIT B

Case 17-00450-TLM    Doc 4    Filed 04/18/17    Entered 04/18/17 17:40:02    Desc Main
Document      Page 9 of 17

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **FARMERS GRAIN, LLC** |
| United States Bankruptcy Court for the: | **DISTRICT OF IDAHO** |
| Case number (if known): | |

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Bruce Cruickshank** <br> **10572 Virginia Lane** <br> **Payette, ID 83661** | | **COGS** | | | | $137,398.80 |
| **Connell Grain Growers** <br> **3132 Road O NE** <br> **Moses Lake, WA 98837** | | **Services rendered** | | | | $32,064.02 |
| **Connell Grain Growers** <br> **3132 Road O NE** <br> **Moses Lake, WA 98837** | | **Services rendered** | **Unliquidated Disputed** | | | $2,804,178.29 |
| **DC Land-Mark Combs** <br> **Mark Combs** <br> **29863 Farmway Road** <br> **Caldwell, ID 83607** | | **COGS** | | | | $680,883.22 |
| **DC Land-Mark Combs** <br> **Mark Combs** <br> **29863 Farmway Road** <br> **Caldwell, ID 83607** | | **COGS** | | | | $413,963.56 |
| **Deseret Farms** <br> **Post Office Box 1585** <br> **Nyssa, OR 97913** | | **COGS** | | | | $206,448.74 |
| **Doug Stipe** <br> **3555 Clark Blvd** <br> **Ontario, OR 97914** | | **COGS** | | | | $57,204.24 |
| **Frahm Farm** <br> **Rod Frahm** <br> **418 King Avenue** <br> **Ontario, OR 97914** | | **COGS** | | | | $65,777.48 |

Debtor **FARMERS GRAIN, LLC**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Gavilon<br>1111 Bedke Boulevard<br>Post Office Box 1089<br>Burley, ID 83318 | | COGS | | | | $185,340.00 |
| Harlen Garner<br>1041 Janetta Ave<br>Nyssa, OR 97913 | | COGS | | | | $15,965.92 |
| Hartley Farms & Feedlot<br>552 Enterprise Avenue<br>Nyssa, OR 97913 | | COGS | | | | $292,512.31 |
| Jensen Farms, LLC<br>2436 11th Ave E<br>Vale, OR 97918 | | COGS | | | | $176,430.00 |
| Jim Belnap<br>1764 3rd Ave<br>Vale, OR 97918 | | COGS | Disputed | | | $37,413.00 |
| JLJ Farms, LLC<br>29862 Emmett Road<br>Caldwell, ID 83607 | | COGS | | | | $149,728.25 |
| Lansing Trade Group<br>815 Highway 26<br>Bliss, ID 83314 | | COGS | | | | $220,514.39 |
| Lansing Trade Group<br>815 Highway 26<br>Bliss, ID 83314 | | COGS | | | | $134,878.36 |
| Lansing Trade Group<br>815 Highway 26<br>Bliss, ID 83314 | | COGS | | | | $41,176.10 |
| MUA<br>Post Office Box 338<br>Montezum<br>Montezuma, KS 67867 | | Insurance | | | | $12,022.93 |
| Scott Cruickshank<br>1746 Pennington Drive<br>Ontario, OR 97914 | | COGS | | | | $26,242.96 |
| WBH Farms<br>743 Beet Dump Road<br>Nyssa, OR 97913 | | COGS | | | | $464,670.40 |

Official form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims    page 2

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re: ) | |
| ) | Case No.: |
| FARMERS GRAIN, LLC, ) | |
| ) | (Chapter 11) |
| Debtor. ) | |
| ) | |
| _____ ) | |

### ORDER GRANTING EMERGENCY MOTION FOR USE OF CASH COLLATERAL

THIS MATTER came before the court for a preliminary hearing on the Debtor's *Emergency and Continuing Motion for Authorization to Use Cash Collateral* (Docket No. ___) on the ___ day of April, 2017, after notice being given to the twenty largest unsecured creditors and other parties in interest. Appearing at the hearing on behalf of the Debtor was Matthew T. Christensen of Angstman Johnson.

The Court, having reviewed and considered the Debtor's motion, being fully advised of the merits of said motion, and good cause appearing therefore, hereby enters its Order as follows:

IT IS HEREBY ORDERED that effective April 18, 2017, the Debtor is authorized the interim use of cash collateral.

IT IS FURTHER ORDERED that said cash collateral shall be used to pay only the following expenses through May 31, 2017, to-wit:

| **Expense Category** | **Estimated Amount** |
|---|---|
| Bank/Credit Card Fees | $700.00 |
| Vehicle expenses | $450.00 |
| Equipment rent | $6,000.00 |
| Freight & Trucking | $330,000.00 |
| Gas & Oil | $25,000.00 |
| Workers Comp | $2,400.00 |
| Other insurance | $16,400.00 |
| Office Supplies | $2,400.00 |
| Payroll expenses and taxes | $98,000.00 |
| Postage | $260.00 |

| | |
|---|---|
| Property tax | $8,000.00 |
| Repairs | $15,000.00 |
| Supplies | $1,700.00 |
| Telephone | $800.00 |
| Truck Tires | $6,000.00 |
| Utilities | $10,000.00 |
| Wheat Assessment | $1,300.00 |
| Cost of Goods Sold | $3,463,000.00 |
| **TOTAL** | **$3,987,410.00** |

IT IS FURTHER ORDERED that Rabo AgriFinance, LLC, shall maintain its adequate protection liens on all post-petition collateral to the same extent as existed pre-petition to the extent of cash collateral actually used by the Debtor.

IT IS FURTHER ORDERED that the Debtor operate in compliance with the U.S. Trustee's Guidelines.

IT IS FURTHER ORDERED that proceeds shall be segregated into a separate bank account in accordance with the requirements of 11 U.S.C. §363(c)(4).

IT IS FURTHER ORDERED that Debtor's Motion for Use of Cash Collateral shall be and the same is hereby scheduled for a final hearing on the ___ day of May, 2017, at _____ a.m./p.m., at the federal courthouse located in Boise, Idaho.

\\end of text\\


Order submitted by:
Matthew T. Christensen, attorney for the Debtor

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re: ) | |
| ) | Case No.: |
| FARMERS GRAIN, LLC, ) | |
| ) | (Chapter 11) |
| Debtor. ) | |
| ) | |
| _____ ) | |

## ORDER GRANTING MOTION FOR USE OF CASH COLLATERAL

THIS MATTER came before the court for a preliminary hearing on the Debtor's *Emergency and Continuing Motion for Authorization to Use Cash Collateral* (Docket No. ___ – the "Motion") on the ___ day of April, 2017, after notice being given to the twenty largest unsecured creditors and other parties in interest. A final hearing was held on the Motion on May ___, 2017. The Debtor and its counsel appeared at the hearings on the Motion.

The Court, having reviewed and considered the Motion, and being fully advised of the merits of said motion, and good cause appearing therefore, hereby enters its Order as follows:

IT IS HEREBY ORDERED that effective May 31, 2017, the Debtor is authorized the use of cash collateral.

IT IS FURTHER ORDERED that the Debtor may use cash collateral to pay the expenses outlined on the Debtor's projected budget, including the adequate protection payment to Rabo AgriFinance, LLC (attached to the Motion as Exhibit A). The Debtor shall not make any payments for attorney, accountant or other professional fees without approval by the Court pursuant to 11 U.S.C. §330 and/or 331, but shall hold any such payments in the Debtor-in-Possession bank account pending court approval.

IT IS FURTHER ORDERED that Rabo AgriFinance, LLC, shall maintain its adequate protection liens on all post-petition collateral to the same extent as existed pre-petition to the extent of cash collateral actually used by the Debtor.

IT IS FURTHER ORDERED that the Debtor operate in compliance with the U.S. Trustee's Guidelines.

IT IS FURTHER ORDERED that proceeds shall be segregated into a separate bank account in accordance with the requirements of 11 U.S.C. §363(c)(4).

IT IS FURTHER ORDERED that this authorization to use cash collateral shall expire on March 31, 2018, unless extended by the Court prior to that date.

\\end of text\\


Order submitted by:
Matthew T. Christensen, attorney for the Debtor