Ron Kerl, Esq. ISB#1768
**COOPER & LARSEN**, **CHARTERED**
151 North Third Avenue, Suite 210
P.O. Box 4229
Pocatello, ID 83205-4229
Telephone:    (208) 235-1145
Facsimile:    (208) 235-1182
Email: ron@cooper-larsen.com

*Counsel for Rabo AgriFinance, LLC*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re: ) | |
| ) | |
| FARMERS GRAIN, LLC ) | CASE NO. 17-00450-TLM |
| ) | |
| ) | **CHAPTER 11** |
| Debtor. ) | |
| ) | |
| ) | |

**RABO AGRIFINANCE, LLC.'S OBJECTION TO DEBTOR'S EMERGENCY AND
CONTINUING MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL
(Docket No. 4)**

COMES NOW RABO AGRIFINANCE, LLC. ("Rabo"), by and through its attorney of record, Ron Kerl, and enters its objection to the "Emergency and Continuing Motion for Authorization to Use Cash Collateral", Docket No. 4, the "Cash Collateral Motion") filed by Farmers Grain, LLC (the "Debtor").

**Rabo AgriFinance, LLC's Objection to Debtor's Emergency and Continuing Motion
for Authorization to Use Cash Collateral
Page 1**

In support of its objection, Rabo represents the following:

1. Rabo and Debtor are parties to a lending relationship (Loan No.****8805) ("Operating Loan") which on April 18, 2017 (the "Petition Date") totaled $8,015.870.47[1], and was evidenced by the following loan documents ("Loan Documents"):

   A. Operating Line of Credit Note dated September 28, 2015 for the original principal amount of $5,000,000.00;

   B. Credit Agreement dated September 28, 2015;

   C. Security Agreement dated September 28, 2015;

   D. First Amendment to Credit Agreement and Other Loan Documents dated April 7, 2016, which, in part, increased the maximum credit line under the Promissory Note from $5,000,000.00 to $6,500,000.00;

   E. Second Amendment to Credit Agreement and Other Loan Documents dated October 7, 2016, which, in part, increased the maximum credit line under the Promissory Note from $6,500,000.00 up to $8,000,000.00 based upon Debtor's submission of required reports, including but not limited to a "Borrowing Base Certificate" in a form approved by Rabo;

   F. Amended and Restated Operating Line of Credit Note dated December 6, 2016;

   G. Second Amendment to Credit Agreement and Other Loan Documents dated December 6, 2016, which, in part increased the maximum credit line under the Promissory Note to

---

[1] Principal Balance was $7,903,824.30, accrued interest through April 18, 2017, was $112,028.17, for the balance due of $8,015.870.47.

Rabo AgriFinance, LLC's Objection to Debtor's Emergency and Continuing Motion
for Authorization to Use Cash Collateral
Page 2

$10,000,000.00 or the "Borrowing Base" as defined by the Loan Documents until March 1, 2017, and $8,000,000.00 or the "Borrowing Base" on and after March 2, 2017.

2. On the date of the Debtor's filing, the Debtor was in full and material breach of the loan documents by reason of the fact that (1) the unpaid aggregate of the Principal Balance of the Loan exceeded the permitted maximum outstanding balance of $8,000,000.00 and (2) the Debtor had suffered a Material Adverse Effect as defined by the Credit Agreement.[2]

3. Debtor objects to the Motion to the extent it seeks to grant the Debtor the right to use Cash Collateral in excess of the Debtor's monthly net income. The Debtor's representation that Rabo is otherwise adequately protected by its collateral and the payment of $100,0000 monthly, is illusory. The fair market value of Rabo' equipment collateral is dependent upon many factors, including market conditions, which are uncontrollable by the parties, and the use, abuse, and poor maintenance of equipment directly affects its fair market value. Debtor intends to use the equipment collateral without making any payment to Rabo to cover the equipments' depreciation and wear and tear, while granting Rabo a replacement first priority perfected lien in post petition collateral and the payment of $100,000 monthly beginning May 1, 2017, is not reasonable.

The Debtor has been materially delinquent in its obligations to provide Rabo with the required Borrowing Base Certificate which contains a formula for valuing grain in Debtor's

---

[2] The Credit Agreement defines *Material Adverse Effect* to mean: "any set of circumstances or events which (a) has or could reasonably be expected to have any material adverse effect as to the validity or enforceability of any Transaction Document or any material term or condition therein against the applicable Person; (b) is or could reasonably be expected to be material and adverse to the financial condition, business assets, operations, or property of the applicable Person; or (c) materially impairs or could reasonably be expected to materially impair the ability of the applicable Person to perform the Obligations.

**Rabo AgriFinance, LLC's Objection to Debtor's Emergency and Continuing Motion for Authorization to Use Cash Collateral**
**Page 3**

inventory and grain proceeds from the sale of such grain in the ordinary course of business. Upon information and belief, Rabo is concerned that producers and sellers of grain to the Debtor retain priority lien rights over and above Rabo's security interest. Most of Debtor's unsecured claims of $7.6 Million are represented by sums due and owing to producers and sellers of grain to the Debtor who may have lien rights superior to Rabo's security interest, thus rendering Rabo severely unsecured.

4. Debtor has the burden of proving that the existing and post petition collateral, together with the $100,000.00 monthly adequate protection payment, constitutes adequate protection for Debtor's use of cash collateral to pay operating expenses outlined in its budget.

5. Rabo moves the Court for an order directing the Debtor to make periodic payments to Rabo, as additional adequate protection, in an amount not less than $100,000.00 which will protect Rabo from the Debtor's use of Cash Collateral and the equipment securing Rabo's loan (Rabo' equipment collateral) as that equipment is utilized in its operations post petition; together with a post-petition lien in Debtor's real estate and a lien on Debtor's motor vehicles.[3]

WHEREFORE, having timely objected to the Debtor's Motion, Rabo requests that the same be denied.

DATED this 21st day of April, 2017.

                                              **COOPER & LARSEN, CHTD**
                                              Attorneys for Rabo AgriFinance, LLC

                                              By: /s/ Ron Kerl
                                                   Ron Kerl

---

[3]Debtor's schedules (Part 8) discloses unencumbered motor vehicles having a fair market value of $1,184,093.38 and (Part 9) discloses unencumbered real estate having a fair market value of $4,131,899.56.

Rabo AgriFinance, LLC's Objection to Debtor's Emergency and Continuing Motion
for Authorization to Use Cash Collateral
Page 4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY on the 21st day of April, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| US Trustee<br>ustp.region18.bs.ecf@usdoj.gov | Matthew T. Christensen<br>mtc@angstman.com |
| Sheila R. Schwager<br>sschwager@hawleytroxell.com | Office of the Idaho Attorney General<br>W. Dallas Burkhalter<br>dallas.burkhalter@isda.idaho.gov |

AND, I HEREBY CERTIFY that I have mailed by United States Postal Service the foregoing document(s) to the following non-CM/ECF Registered Participant(s). (List names and mailing addresses):

Farmers Grain, LLC
255 King Avenue
Nyssa, OR 97913

By: /s/ Ron Kerl
     Ron Kerl

Rabo AgriFinance, LLC's Objection to Debtor's Emergency and Continuing Motion
for Authorization to Use Cash Collateral
Page 5