D. Blair Clark (ISB #1367)
Jeffrey P. Kaufman (ISB #8022)
LAW OFFICES OF D. BLAIR CLARK PC
1513 Tyrell Lane, Suite 130
Boise, ID 83706
Phone: (208) 475-2050
Fax: (208) 475-2055
Email: dbc@dbclarklaw.com
       Jeffrey@dbclarklaw.com
Attorneys for DC Land

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| In re: | Case No. **17-00450-TLM** |
| **FARMERS GRAIN LLC,** | Chapter 11 |
| Debtor. | |

**MOTION FOR COURT ORDER DIRECTING TRUSTEE
TO PAY DC LAND'S SECURED CLAIM IN FULL**

COMES NOW DC Land Operating Company, LLC ("DC Land"), by and through its counsel of record, The Law Office of D. Blair Clark, PC, and, pursuant to 11 U.S.C. §§ 105 and 725, hereby moves this Court for the entry of an order directing the chapter 7 trustee, Noah Hillen, to pay DC Land $1,012,785.14, the value of its lien in funds held by the estate. DC Land offers the following in support of this motion:

**BRIEF INTRODUCTION**

DC Land filed a secured claim in this action for $1,012,785.14. Claim Rgstr No. 15. In *Farmers Grain vs. DC Land, et al* (the "Adversary Proceeding "), this Court held that DC Land's

claim is secured by a lien in the proceeds from the sale of Debtor's inventory. Adv. Docket No. 89.[1] The Court also held that DC Land's secured position is prior to that of Rabo Agrifinance, LLC ("Rabo"). Adv. Docket No. 125. The Court has also addressed all other known parties that might claim to have a security interest in the inventory proceeds and have denied such parties a lien in the inventory proceeds. Adv. Docket Nos. 55, 66, 115, 128, 129, & 132. As a result, DC Land has a recognized first position lien in the inventory proceeds in the amount of $1,012,785.14, and Rabo has a second position lien in the same proceeds of Debtor's inventory.

Although Lloyd and Sue Saunders do not assert to have a lien, they assert that they, and not the bankruptcy estate, are the actual owners of some of Debtors' inventory proceeds because some of those proceeds were derived from the sale of their corn, which they claim to have stored, not sold, with Debtor prepetition. Adv. Docket No. 110. They claim they are entitled to approximately $34,700 from the sale of their corn. Claim Rgstr No. 7. This is the lone issue that remains in the Adversary Proceeding. If their position were to be accepted by the Court, then it is believed that they would be first in line for any distribution. But if the Court were to reject their contentions, then it is believed they would just have an unsecured claim.

### POTENTIAL ISSUES WITH MOTION TO APPROVE COMPROMISE

On July 18, 2018, the chapter 7 trustee filed a Motion to Approve Compromise (the "Compromise Motion"). Docket No. 314. Said motion is based on, and references, a stipulation

---

[1] Citations to "Docket" entries refer to entries the Court's docket for this instant matter. Citations to "Adv. Docket" entries refer to entries on the Court's docket in the Adversary Proceeding,, Case No. 17-06018-TLM.

entered into by DC Land, Rabo, and the chapter 7 trustee.  The stipulation provides for the same distribution to DC Land that it is seeking by way of this motion.  There is a signature line for Lloyd Saunders, but it is unsigned.  Lloyd and Sue Saunders have not expressed to DC Land their approval of the stipulation and have actually expressed to the undersigned that they disagree with the stipulation; although DC Land is aware that the chapter 7 trustee and Lloyd Saunders may have orally agreed to the amount provided in the stipulation to be paid to Lloyd and Sue Saunders.

This information is provided not to undermine the Compromise Motion, but simply to enlighten the Court that there may be issues with the Compromise Motion; which might ultimately add further delay to any distribution to DC Land.  DC Land therefore brings this motion to hedge such potential delay.[2]

## ARGUMENT

Section 725 provides that

> [a]fter the commencement of a case under this chapter, but before final distribution of property of the estate under section 726 of this title the trustee, after notice and a hearing, shall dispose of any property in which an entity other than the estate has an interest, such as a lien, and that has not been disposed of under another section of this title.

11 U.S.C. § 725.

DC Land is an entity that has an interest, a lien, in property in which the estate also has an

---

[2] DC Land has scheduled this matter for hearing on the same date and time scheduled for the trustee's Compromise Motion, August 20th.  DC Land recognizes that this motion would likely be rendered moot if the Compromise Motion is approved.

**17-00450-TLM | In re Farmer's Grain, LLC**
**MOTION FOR COURT ORDER DIRECTING TRUSTEE**
**TO PAY DC LAND'S SECURED CLAIM IN FULL**                                                                    PAGE 3

interest (the inventory proceeds) and said lien interest has not yet been disposed of.  DC Land therefore seeks the immediate payment of its lien.

The trustee has on hand $2,509,088.86, most of which is derived from the sale of Debtor's inventory.  Docket No. 315, ¶ 5.  This is a sufficient sum of funds to pay DC Land's lien in full and still pay Lloyd and Sue Saunders the full amount they claim ($34,700) in the event the Court finds their position gives them an interest in the inventory proceeds superior to the bankruptcy estate.

THEREFORE, DC Land respectfully requests that the Court enter an order directing the chapter 7 trustee to pay DC Land $1,012,785.14, forthwith.

Dated this 20th day of July, 2018.

>LAW OFFICE OF D. BLAIR CLARK PC
>
>by:  /s/ *Jeffrey P. Kaufman*
>Jeffrey P. Kaufman, of the firm
>Attorneys for DC Land